**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910 | |
| *Plaintiff,* | CIVIL ACTION NO. 22-3700 **COMPLAINT** |
| v. | |
| UNITED STATES FISH AND WILDLIFE SERVICE, an administrative agency of the United States Department of the Interior, 1849 C Street NW Washington, DC 20240 | |
| *Defendant.* | |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER")

   brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*,

   as amended, to compel the United States Fish and Wildlife Service ("Defendant" or

   "FWS") to disclose documents requested pursuant to FOIA. Specifically, PEER is

   seeking documents related to FWS's grants of federal wildlife funding to the state of

   Alaska, and oversight of the use of such funds.

2.  PEER submitted a FOIA request in May 2022 seeking: grant/contract agreements between Defendant and the state of Alaska, and the most recent FWS records of audits or reviews of such funding agreements.

3.  To date, Defendant has failed to make a final determination on Plaintiff's FOIA request, or to disclose to the Plaintiff the requested documents within the time stipulated under FOIA, or provide any date when such documents will be disclosed.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5.  This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

6.  This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7.  This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8.  Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Massachusetts, Minnesota, New York, and Tennessee.

9.  Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the

environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, federal funding for wildlife conservation, and governmental accountability.  PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

10. Defendant FWS is a bureau, or sub-agency, of the U.S. Department of the Interior, and an agency of the United States under 5 U.S.C. § 552(f)(1).

11. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. The Defendant's refusal to provide the Plaintiff with the records requested or make a final a determination on Plaintiff's FOIA requests within 20 working days of the date of the requests' submissions is a violation of FOIA.

## STATEMENT OF FACTS

### *Federal funding for wildlife conservation*

12. Under two federal programs established by the Pittman–Robertson Federal Aid in Wildlife Restoration Act (Pittman-Robertson) and the Dingell–Johnson Federal Aid in Sport Fish Restoration Act (Dingell-Johnson), the Defendant administers grants to state governments for the promotion of wildlife conservation and research. This program is funded with tax dollars, largely from excise taxes on firearms and other funding sources tied to hunting and fishing activities, such as license fees.

13. Due to restrictions in these federal laws, the Alaska Department of Fish and Game, Division of Wildlife Conservation, is the only entity permitted to receive and spend Defendant's grants of Pittman-Robertson/Dingell-Johnson funds apportioned to Alaska. This state agency uses apportioned money for a variety of wildlife and sports fishing activities, including restoration and conservation projects.

14. The above federal laws also condition funding on being used for specific conservation, research, or hunter education purposes, and forbids diversion of federal funds for inappropriate uses.

*PEER's request*

15. On May 31, 2022, PEER submitted a FOIA request to FWS seeking:

    1. A copy of any current grant or contract agreement, including but not limited to Wildlife and Sport Fish Restoration Program (WSFR) funding, to any state agency in Alaska; and

    2. A copy of the latest FWS review or audit of such funding to Alaska.

16. FWS assigned this FOIA request tracking number DOI-FWS-2022-004013.

*Communications about the request*

17. In the months since PEER's request was submitted the only communication received from Defendant was the grant of a fee waiver on June 1, 2022. In this communication FWS acknowledged that PEER's request met the requirements for a fee waiver, namely that the request was in the public interest and not primarily owing to a commercial interest.

18. In this communication FWS indicated the request fell within its "Normal processing track," which "is for requests that would generally take six to twenty workdays to process."

## CAUSE OF ACTION

19. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

20. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

21. FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

22. Twenty working days from May 31, 2022, was June 29, 2022.

23. As of the date of this filing, Plaintiff has not received a final determination on its FOIA request.

24. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its

administrative remedies for its May FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

25. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding the FWS's administration of public funding for wildlife conservation and research.

26. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

27. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.   Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on December 12, 2022,

s/ *Hudson Kingston*
Hudson B. Kingston, DC Bar # 1007702

Public Employees for Environmental
Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
*Attorney for Plaintiff*